58 CCPA

**Application of James R. TIFFIN and Earl Erdman.**

**Patent Appeal No. 8502.**

United States Court of Customs and Patent Appeals.

Oct. 7, 1971.

Alvin Guttag, Washington, D. C., attorney of record, for appellants; William T. Bullinger, Washington, D. C., Sheldon F. Raizes, Wilmington, Del., Cushman, Darby & Cushman, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Fred E. McKelvey, Washington, D. C., of counsel.

ON PETITION FOR REHEARING

PER CURIAM.

The Patent Office petitions for a rehearing or modification of our decision, handed down June 10, 1971. The solicitor's brief in support of the petition concedes to appellant claims 4, 7, and 8, drawn to processes of making "cups," and claim 17, drawn to a "cup," but asks reversal of our decision as to claims 1, 2, 10,* 11, and 13, drawn broadly to processes of making "containers," and claims 3, 12, and 14–16, drawn to "containers."

This distinction between the two groups of claims is based (1) on appellants' specification, in which it is stated that,

> While the invention is of particular importance in the manufacture of *cups* it is also useful in preparing other open *containers* such as food trays, buckets, plates and other foamed articles, e. g. face masks [emphasis ours].

and (2) on the ratio decidendi of our opinion, which was that appellants' evidence of commercial success and the satisfaction of a long-felt need, both the success and the need being with respect to "cups" used in vending machines, was

---

* Actually, claim 10 contains both the word "container," by dependency from claim 1, and the phrase "in the major portion of the cup wall means," but there is no antecedent in either claim 1 or claim 10 for "the cup wall means" and it cannot be deemed limited to "cups" for want of a clear limitation. Cf. note 1 in our June 10 opinion as to related defects in claim language. 443 F.2d 394, 395, 58 CCPA 1277.

sufficient to overcome the Patent Office's case of prima facie obviousness. The solicitor's position is that the objective evidence of non-obviousness is not commensurate with the scope of claims 1–3 and 10–16, reciting "containers" generally, but establishes non-obviousness only with respect to "cups" and processes of making them. We agree.

Contrary to the assertion in appellants' brief in opposition to the petition, the solicitor *did* argue this distinction in his principal brief, if only in *discussing* product claim 17. He then said "the evidence shows only commercial success for *cups* and not *containers* broadly." We therefore cannot agree with appellants that this is a distinction made for the first time on this petition. We overlooked this point in rendering our original decision.

As the solicitor now points out, it is the view of this court that objective evidence of non-obviousness must be commensurate in scope with the claims which the evidence is offered to support. In re Law, 303 F.2d 951, 954, 49 CCPA 1157, 1162 (1962); In re Kennedy, 436 F.2d 1394, 1399, 58 CCPA 916 (1971); and In re McLaughlin, 443 F.2d 1392, 1396–1397, 58 CCPA 1310 (1971). Here, appellants' claims 1–3 and 10–16 are too broad in the sense of 35 U.S.C. § 103 in that they are inclusive of subject matter which is prima facie obvious and concerning which appellants have *not* rebutted the Patent Office's prima facie case.

Accordingly, our decision of June 10, 1971, is modified for the above-stated reasons to reverse only with respect to claims 4, 7, 8, and 17 and to affirm the rejection of the remaining appealed claims, 1–3 and 10–16. The opinion shall be deemed amended to so state.