59 CCPA

**Application of Unokichi TAKAI.**
**Patent Appeal No. 8544.**

United States Court of Customs and Patent Appeals.

Nov. 4, 1971.

Jay M. Cantor, Washington, D. C., attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for Commissioner of Patents. Raymond E. Martin, Washington, D. C., Robert J. Spar, Wheaton, Md., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the rejection of claims 16–19 of appellant's application entitled "Method and Means for Producing a Plastic Fabric Having Pile Like Projections." [1] No claims have been allowed.

The invention relates to a pile-like fabric of thermoplastic material for use as draperies, wall or floor coverings, etc. the fabric, which consists of a base and a multiplicity of integral conical piliform projections "extruded" from the surface of the base, is shown in Fig. 4:

*FIG. 4.*

[A4507]

The piliform projections (43) are formed under heat and pressure when a base sheet (33) is pressed against a matrix or die having a configured surface which is complementary to the pile-like

---

1. Serial No. 578,906 filed July 27, 1966 as a division of serial No. 289,860 filed June 24, 1963.

projections to be produced in the fabric. Portions of the projections may be of different colors in different zones. That is, various coloring effects may be achieved, for example, by molding two differently colored sheets together to form projections the tips of which are one color while the bases are another color. Likewise, vertical (side-by-side) stripes of different colors may be produced by using as a starting material a base sheet made up of plastic ribbons of different colors. Interfitted zones of colored projections may be created by placing a sheet of a different colored plastic over an aperture cut in the base sheet and then molding the assembly under heat and pressure.

Claim 16 is illustrative:

16. A pile like fabric of thermoplastic material having a base and multiplicity of integral conical piliform projections extruded from a surface of the base, portions of the projections being of different colors in different adjacent zones.

Dependent claims 17–19 specify whether the color zones are in horizontal, vertical, or interfitted layers.

The references relied upon are:

Wisotzky et al.    3,152,002    October 6, 1964
Wisotzky          3,235,438    February 15, 1966

Wisotzky et al. disclose a pile-like plastic fabric as shown in Fig. 3:

**FIG. 3**

[A4506]

MOLDED PVC FILAMENTS — 12

— 10 BACKING SHEET

11 — MOLDED PVC PLY

The conical projections (12) are formed by arranging colored plastic granules on a plastisol-coated base (10), fusing the resultant structure, and then molding it under heat and pressure. Different coloring arrangements, such as the variegated pattern shown in Fig. 3, may be created by arranging the colored granules in the desired design or pattern.

Wisotzky also discloses a pile-like plastic fabric having conical projections. The projections are formed by molding a plastic sheet which may have pigment or ink coloring designs coated on it. As in Wisotzky et al., it is disclosed that such fabrics may be used for, among other things, floor and wall coverings.

The examiner rejected all the claims under 35 U.S.C. § 103 as unpatentable over either Wisotzky et al. or Wisotzky. The board affirmed, reasoning that structurally there are no real differences between the claimed fabric and that shown in either of the references. In regard to the claimed color limitations, the board, like the examiner, found these to be "only the application of ordinary artistic skill which would have been obvious under the provisions of 35 U.S.C. 103."

While we agree with the examiner and the board that either reference is nearly anticpatory of at least the broad claim, we prefer to limit our discussion to the rejection based on Wisotzky et al., which rejection we affirm.

Appellant contends that the claimed fabric patentably distinguishes over that of Wisotzky et al. since the "extruded" projections in the various coloring arrangements constitute "a real structural difference over the reference which has the advantages of strength and permanence of attractiveness through great amounts of wear." It is appellant's position that Wisotzky et al. disclose projections "bonded" to a base rather than "extruded" from it, and that the claimed

arrangements of colored layers are not disclosed in the reference.

We agree with the Patent Office that the conical projections of Wisotzky et al. are "extruded" in the same sense that appellant's projections are "extruded." That is, Wisotzky et al. fuse the layer of plastisol and colored plastic granules and then mold this layer to form "a continuous ply 11 of elastomeric material which in turn merges into a multiplicity of upstanding solid needle-like filaments arranged in groups of the different colors derived from the original granules whose shape and outline persists in the molded product." It is not seen how this differs from, for example, appellant's process of molding a base sheet made up of plastic ribbons of different colors. Appellant merely starts with a preformed sheet of different colors, whereas Wisotzky et al. prepare their own plastic layer with its different colors prior to molding. The resultant articles after molding under heat and pressure are essentially the same.

Similarly, Wisotzky et al., by depositing colored granules of plastic in various patterns, provide for the same type "structural" color arrangements that appellant is claiming. In addition to disclosing a variegated pattern which is similar to appellant's claimed "interfitted" color layers, Wisotzky et al. also disclose that the colors may be arranged in "designs or patterns which run parallel or transverse or diagonal with respect to the direction of the coated backing sheet." We agree with the solicitor that this seemingly would suggest "vertical" layers such as those claimed by appellant. Likewise, we think that the claimed "horizontal" layer arrangement is also somewhat suggested in the reference since Wisotzky et al. disclose that the plastisol may be pigmented, that the granules may be of different colors, and that the molding process utilizes a mold "having a multiplicity of needle-formed closely spaced tubular passages into which the material of the granules and plastisol is forced by molding pressure to form needle-like filaments merging into a continuous body of elastomeric material on the backing sheet." Thus, the conical projections apparently would have the color of the granules on their upper portions and the color of the plastisol on their lower or base portions.

At any rate, we agree with the Patent Office that the various claimed coloring arrangements are such that they would flow naturally from the teaching in Wisotzky et al. that "various pleasing and ornamental patterns may be produced by judicious selection and placing of differently colored granules upon the coated backing sheet," and, as such, would have been prima facie obvious to one of ordinary skill in the art. In re Kepler, 132 F.2d 130, 30 CCPA 726 (1942). Although appellant has alleged that "advantages of strength and permanence of attractiveness" exist in his fabric, no evidence of new and unexpected properties has been offered. Therefore, the strong case of prima facie obviousness made out by the Patent Office must stand. In re Cavanagh, 436 F.2d 491, 58 CCPA 856 (1971).

The decision of the board is affirmed.

Affirmed.