59 CCPA

**Application of Paul L. LINDNER.**

**Patent Appeal No. 8684.**

United States Court of Customs
and Patent Appeals.

April 6, 1972.

Sidney Wallenstein, Chicago, Ill. (Wallenstein, Spangenberg, Hattis & Strampel, Chicago, Ill.), attys. of record, for appellant; Samuel Stearman, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Jack E. Armore, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and MALETZ, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of claims 1, 2, 5, 6, 8, 10, 11, 13, 15, 17, and 19 in appellant's application entitled "Dispersant Compositions Comprising (A) Phosphoric Esters of Ethoxylated Long Chain Compounds and (B) Surfactant Polybasic Compounds Containing at Least One Sulfonic or Sulfuric Acid Radical." [1] No claims have been allowed.

The invention relates to dispersant compositions which are particularly useful in emulsifying water-insoluble organic solvent solutions of biocidal toxicant (i. e., insecticide, weed killer, herbicide, or soil fumigant) and aqueous solutions of fertilizer material. Appellant states in his specification that while a number of dispersant compositions are known which produce excellent dispersions of biocidal toxicants in aqueous solutions of a wide variety of water-soluble fertilizers, there are some fertilizer solutions (for example, liquid fertilizers commonly referred to as 7–21–7 and 6–18–6) which are particularly resistant or refractory to the production of fully satisfactory dispersions. The claimed dispersant compositions comprise ingredients (a) and (b) which are said to "coact to produce a synergistic effect" in that they produce stable dispersions with refractory fertilizer solutions as well as other fertilizer solutions. The compounds which may be used as ingre-

---

1. Serial No. 400,901 filed Ocotber 1, 1964.

dient (a) are water-soluble to readily water-dispersible phosphoric acid mono- and di- esters of polyoxyethylene ethers, usually in the form of ethylene oxide adducts, of long chain aliphatic alcohols, long chain aliphatic mercaptans and alkyl phenols. The compounds which may be used as ingredient (b) are organic solvent-soluble surfactant polybasic acids which contain at least one radical selected from the group consisting of sulfonic acid and sulfuric acid radicals.

Claim 1 is illustrative:

1. A dispersant composition comprising (a) a water-soluble to readily water-dispersible phosphoric acid ester of at least one member selected from the group consisting of (1) long chain aliphatic ethers and thioethers of polyoxyethylene glycols, the long chain aliphatic radicals containing from 10 to 26 carbon atoms, and (2) polyoxyethylene glycol ethers of alkylated phenols the alkyl radical or radicals of which contain a total of from 7 to 24 carbon atoms, the number of oxyethylene groups in the molecules of said (a) compounds falling within the range of 4 to 30, and (b) an organic solvent-soluble surfactant polybasic acid compound containing at least one radical selected from the group consisting of sulfonic and sulfuric acid radicals.

Like claim 1, claims 2, 5, 6, 8, 10 and 11 are directed to dispersant compositions. The recitation of the composition of ingredients (a) and (b) varies in breadth in these claims. Claims 13 and 15 are directed to toxicant concentrate containing a dispersant composition. Claims 17 and 19 are for a combination of biocidal toxicant water-soluble organic salt fertilizer composition emulsified with a dispersant composition. Appellant, in his brief, indicates that he considers claims 10, 11 and 17, as well as claim 1, to be illustrative. However, since all the claims have otherwise been considered together by both the Patent Office and appellant, they apparently will stand or fall together.

The references relied upon are:

Lindner        2,976,211     March 21, 1961
Nunn et al.
   (Nunn)       3,004,056     October 10, 1961

Lindner discloses dispersant compositions (as well as toxicant concentrates and dispersions comprising toxicants and aqueous solutions of water-soluble fertilizers) containing (a) certain polybasic acid compound surfactants and (b) certain amine salts of alkyl benzene sulfonic acids. Ingredient (a) of the mixture in the Lindner patent is the same as ingredient (b) of the claimed mixture.

Nunn discloses that phosphoric acid esters of various ethylene oxide adducts, the same compounds as those of ingredient (a) of the claimed mixture, may be used generally as dispersing agents.

▮ The examiner rejected all the claims under 35 U.S.C. § 103 as unpatentable over Lindner in view of Nunn, reasoning that since the compounds shown in Lindner and the compounds shown in Nunn are each known to be dispersants, it would have been obvious to combine these two old dispersants, and one of ordinary skill in the art would expect a mixture of such dispersants also to be a dispersant. The board agreed with the examiner.

We, too, agree with the examiner. The polybasic acid compounds of ingredient (b) and the phosphoric acid esters of ingredient (a) are all known dispersants as indicated by the art of record. In addition, Lindner indicates that mixtures of dispersant compositions may be advantageously used to permit combining concentrated aqueous fertilizer solutions with organic solvent solutions of biocidal substances to produce homogenous emulsions or dispersions. While the second ingredient in the mixture in the Lindner patent (i. e., the amine salts of alkyl benzene sulfonic acids) is in no way related to the second ingredient in the claimed mixtures (i. e., the phosphoric acid esters), this does not detract from the teaching in Lindner that mixtures of known dispersant compositions may be used. Considering the various teachings of the prior art, we

conclude that the suggested combination of the polybasic acids of Lindner with the phosphoric acid esters of Nunn would indeed have been prima facie obvious to those skilled in the art.

Although appellant elsewhere in his brief contends that there is no teaching which suggests combination of the ingredients of Lindner and Nunn (an argument which we reject for the reasons given above), at one point he seemingly admits that the Patent Office has established a case of prima facie obviousness when he states:

> If all that appellant obtained by combining the (a) and (b) classes of dispersants was simply a dispersant composition whose properties and utilities were essentially the same as those of the (a) and (b) dispersants *per se,* we should have no quarrel with the decision of the Board of Appeals * * *.

It is appellant's position that when the particular (a) and (b) classes of dispersants are used in combination, a synergistic effect is produced and properties are obtained and results are achieved which are unobtained and unobtainable with either the (a) or (b) dispersants alone. In support of this contention, appellant relies on both the specification as filed and a Rule 132 affidavit submitted in response to the examiner's continuance of the rejection "in the absence of convincing evidence of unexpected coaction."

The examiner and the board found the Rule 132 affidavit unpersuasive for a number of reasons, but basically it was their view that since only a single composition of those included in the claims was tested, the affidavit "falls far short of establishing that the compositions encompassed by claims of the scope of those on appeal possess unexpected properties." The same complaint about a lack of sufficient factual evidence of a synergistic effect with all the compositions claimed was leveled against the specification.

■ We fully agree with the position of the Patent Office in that regard. It is well established that the objective evidence of nonobviousness must be commensurate in scope · with the claims. *See, e. g.,* In re Hyson, 453 F.2d 764, 59 C.C.P.A. —— (1972); In re Tiffin, 448 F.2d 791, 58 C.C.P.A. 1420 (1971) (per curiam). Here only one mixture of ingredients was tested, that being a mixture of (a) phosphoric acid ester of 12 mol ethylene oxide adduct of nonyl phenol (containing about 60% mono- and about 17.5% di- ester) and (b) half ammonium half isopropylamine salt of the sulfosuccinic acid ester of the oleic acid amide of monoisopropanolamine (65% active). This particular mixture was found to produce a good dispersion with refractory 7–21–7 fertilizer solutions. As the board noted, the specification also indicates that the same mixture was successfully used with 7–21–7 fertilizer solutions. The claims, however, are much broader in scope, covering mixtures of numerous compounds, and we have to agree with the Patent Office that there is no "adequate basis for reasonably concluding that the great number and variety of compositions included by the claims would behave in the same manner as the [single] tested composition." *Cf.,* In re Saunders, 444 F. 2d 599, 605, 58 C.C.P.A. 1316, 1324 (1971).

■ The affidavit and specification do contain allegations that synergistic results are obtained with all the claimed compositions, but those statements are not supported by any factual evidence other than that limited amount of evidence discussed above. This court has said previously that mere lawyers' arguments unsupported by factual evidence are insufficient to establish unexpected results. In re Cavanagh, 436 F.2d 491, 58 C.C.P.A. 856 (1971); In re Takai, 449 F.2d 1393, 59 C.C.P.A. —— (1971). Likewise, mere conclusory statements in the specification and affidavits are entitled to little weight when the Patent Office questions the efficacy of those statements. In re Hyson, supra; In re D'Ancicco, 452 F.2d 1060, 59 C.C.P.A. —— (1972). After considering the spec-

ification, affidavit, and arguments of counsel, we agree with the board that there is insufficient evidence to overcome the case of prima facie obviousness found to exist here.

The board also affirmed the examiner's rejection of all claims, except claim 11, under 35 U.S.C. § 112. However, because of our disposition of the rejection under 35 U.S.C. § 103, we find it unnecessary to reach the § 112 issue.

The decision of the board is affirmed.

Affirmed.