59 CCPA

## Application of Victor E. DeLUCIA.
### Patent Appeal No. 8629.
United States Court of Customs and Patent Appeals.
May 11, 1972.

Keith D. Beecher, Los Angeles, attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; John W. Dewhirst, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

DeLucia appeals from the decision of the Patent Office Board of Appeals, affirming the examiner's rejection of claims 18–21 in his application.[1] No claims have been allowed.

## The Invention

The invention is concerned with a unit for taking x-ray pictures or for fluoroscopic viewing of objects. Figures 1 and 3 of the application appear below:

[A5730]

Appellant describes his apparatus in the following manner:

\* \* \* The apparatus includes an X-ray generator 14 which is mounted on top of the cabinet 10, and which includes the usual instruments and controls on its front panel, as shown. The interior of the cabinet 10 includes a plurality of support brackets 16 up each side, these brackets serving removably to support shelves, such as a

1. Application Serial No. 683,074, filed October 26, 1967.

shelf 18, horizontally at any particular distance down from the top of the cabinet 10.

The apparatus of the invention operates so that the X-ray generator 14 directs a beam of X-ray[s] down through the top of the cabinet 10 to the shelf 18. A specimen 30 may be placed on the shelf 18. When the apparatus is to be used for fluoroscopic purposes, the shelf 18, as shown in FIGURE 3, is composed of an X-ray transmissive material, such as Bakelite, and a fluorescent screen 32 is affixed to its lower side. Then, when the X-ray generator 14 is activated, as shown in FIGURE 3, so as to direct an X-ray beam 34 down onto the shelf 18, and through the specimen 30, an X-ray image of the specimen is produced on the fluorescent screen 32.

A reflective element, such as a metallic mirror 36, is provided within the cabinet 10. * * * The mirror 36 serves to reflect the image on the fluorescent screen 32 to the eye of an observer, when the observer peers through an optical viewing member 38 which is mounted on the door 12 of the cabinet 10.

When it is desired to take an x-ray of a specimen, the x-ray transmissive shelf can be replaced by a shelf composed of x-ray absorbing material. A film cassette is then placed on the shelf, the specimen is placed on the film, and the film exposed through the specimen. Optical viewing member 38 carries a hood as shown.

Claim 18 reads:

18. Radiographic and fluoroscopic apparatus including: a closed cabinet having a bottom, a top, side walls and a door; an X-ray generator unit mounted on the top of said cabinet in position to direct X-rays down into said cabinet through said top; support bracket means mounted in said cabinet; a shelf removably supported in said cabinet in a horizontal position on said support bracket means and extending across the path of the X-rays from said X-ray generator unit; a fluorescent screen mounted on said shelf to be activated by X-rays from said X-ray generator unit; optical viewing means including a hooded eye-piece mounted on said cabinet for viewing the interior thereof; and light directing means mounted in said cabinet under said shelf and facing said fluorescent screen and said optical viewing means for creating an optical path between said optical viewing means and said fluorescent screen.

In claim 19, the shelf is composed of x-ray transmissive material and the fluorescent screen is mounted on the underside of the shelf. In claim 20, a second removable shelf of x-ray absorbent material is provided for replacing the first shelf. Claim 21 specifies that the support bracket means comprises a plurality of support brackets mounted on the sides of the cabinet at various distances from the x-ray source.

### The Rejection

The claims stand rejected as unpatentable over a patent to Daly [2] under 35 U. S.C. § 103. Figures 1 and 2 of the Daly patent are reproduced below:

In the terminology of appellant's claims, Daly's cabinet 10 has a bottom 14, a top 13, side walls 15 and 16 and a door 20. X-ray generator unit 11 is mounted on the top of the cabinet in a position to direct x-rays into said cabinet through hole 21 in top 13. Support means 43, 44 and 53 are mounted in the cabinet. Shelf 28 is supported by those support means in a horizontal position in the cabinet, extending across the path of the x-rays from the x-ray generator unit 11, in such a manner as to be removable from the x-ray path, but not easily removable from the cabinet. Fluorescent screen 33 is mounted on shelf 28 to be activated by x-rays from x-ray generator unit 11. Optical viewing means including eyepiece 27, which is not hooded, are mounted on the cabinet for viewing the interior thereof. Light directing mirror 35 is mounted in the cabinet, under the shelf 28, facing fluorescent screen 33 and optical viewing means 27, for creating an optical path between optical viewing means 27 and fluorescent screen 33. With regard to claim 19, it

should be noted that Daly's fluorescent screen 33 is mounted on the top, not on the underside of shelf 28. With regard to claim 20, Daly does not have a second removable shelf. When an x-ray photograph is desired, Daly places the specimen 24 on top of film 23 on the bottom 14 of the cabinet 10. With regard to claim 21, Daly's shelf is adjustable by means of toothed support 53.

With regard to the above differences between the Daly apparatus and the claimed apparatus, the examiner pointed out that the use of a hooded eyepiece to aid someone using a viewing port is well known. He considered the placement of the fluorescent screen on the bottom of the shelf rather than the top as in Daly, to be an ordinary design expedient. He also felt that the use of a removable shelf and spaced brackets was just a matter of ordinary design and pointed to the common household oven as showing the notoriety of that method of making shelves adjustable.

The board adopted the examiner's position *in toto.*

---

2. U.S. Patent No. 2,912,587, issued November 10, 1959.

## Opinion

After a thorough consideration of the record before us, we are in full agreement with the examiner's position. Appellant argues that Daly "has provided an extremely complicated piece of apparatus for achieving the same purpose that appellant achieves merely by means of his side brackets and removable shelves." However, in simplifying the structure, appellant forgoes certain of the advantages obtained by Daly—the greater degree of adjustability and the relative simplicity in changing from fluoroscopic to photographic modes or vice versa in Daly. Appellant also contends that the Daly apparatus has been a commercial failure while appellant's has been a commercial success. There is no evidence in the record before us which would support either contention. See In re Lindner, 457 F.2d 506, 59 CCPA —— (1972).

Nothwithstanding the differences between the Daly apparatus and the claimed apparatus, the latter would have been obvious, and we therefore agree with the examiner that the claims are unpatentable over Daly. The decision of the board is affirmed.

Affirmed.