In re Edgar L. STENCEL, Appellant.

No. 87–1110.

United States Court of Appeals, Federal Circuit.

Sept. 2, 1987.

E. Roderick Cline, Christie, Parker & Hald, Pasadena, Cal., for appellant.

Joseph F. Nakamura, Solicitor, Fred McKelvey, Deputy Solicitor and John W. Dewhirst, Associate Solicitor, Office of the Solicitor, of Arlington, Va., for appellee.

Before FRIEDMAN, NEWMAN, and BISSELL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), rejecting claims 1 through 14 of Stencel patent application Serial No. 250,895 entitled "A Driver for a Lobed Collar" for failure to meet the requirements for patentability set out in 35 U.S.C. § 103, is reversed.

## OPINION

The claimed invention relates to a driver that is adapted to set a joint with a particular threaded lobed collar. The driver turns the collar until, when the collar is tight against the workpiece, the lobes of the collar are deformed by the driver. The collar and the bolt then lock together, and the driver can no longer turn the collar.

Figures 1, 4 and 5 are illustrative, Figure 1 showing the driver body having a deltoid socket, and Figure 4 showing the driver socket on the collar before and Figure 5 after tightening.

Claim 1 is the broadest claim:

1. A driver for setting a joint of a threaded collar, a threaded pin, and at

least one sheet, the collar having plastically deformable lobes on its longitudinal exterior that upon the existence of a predetermined clamp-up load between the collar and the sheets plastically deform in radial compression and displace material of the collar into void volumes between the collar and the pin to lock the two together and terminate the action of the driver on the collar, the driver comprising:

(a) a body having a rotational axis;

(b) a socket in the body having a plurality of flats that when cut by radial planes normal to the rotational axis fall on the sides of a regular polygon, the flats being parallel to the rotational axis;

(c) the minimum distance between each flat and the rotational axis corresponding substantially to the radius of the collar at the location of the lobes after their plastic deformation; and

(d) means on the body to receive a wrenching torque applied to the driver so that the flats apply the torque to the lobes of the collar.

The examiner rejected the claims on a combination of two references showing drivers, stating that it would have been obvious to include the flats of Grabovac U.S. Patent No. 3,979,979 in a driver of the type disclosed in Reiland U.S. Patent No. 3,763,725. Reiland shows a driver having a socket with recesses that engage the lobes of a bolthead, shearing them when a predetermined torque is applied to the driver, and leaving a residual portion of the lobes to allow for removal. The Reiland driver is illustrated as follows:

The Grabovac patent teaches a driver socket having flat sides in its interior, as shown in this figure:

The Board agreed with appellant Stencel that "there is a fundamental difference between the failure mechanism effected by the driver disclosed in the Reiland patent from that disclosed in the present application", but affirmed the examiner's rejection of the claims because "the claims here are directed to the driver per se and not to the action of the fastener during the tightening procedure."

The Commissioner argues that the failure of the lobes of the collar by radial compression and the resultant locking of the collar and pin together is not a distinguishing feature of the driver, but of the collar. The Commissioner cites *In re Best*, 562 F.2d 1252, 195 USPQ 430 (CCPA 1977), and *In re Swinehart*, 439 F.2d 210, 169 USPQ 226 (CCPA 1971), for the proposition that the description of the driver in the claims is merely functional, and that its patentability must be determined against all embodiments of drivers in the prior art.

■ Appellant points out that the driver as claimed is indeed limited as to structure, the limiting structure being defined by the structure of the collar. For example, the driver is described in claim 1 as requiring: "the minimum distance between each flat and the rotational axis corresponding substantially to the radius of the collar at the location of the lobes after their plastic deformation".

As a matter of claim draftsmanship, appellant is not barred from describing the driver in terms of the structure imposed upon it by the collar having plastically deformable lobes. The framework—the teachings of the prior art—against which patentability is measured is not all drivers broadly, but drivers suitable for use in combination with this collar, for the claims themselves are so limited.

There is an extensive body of precedent on the question of whether a statement in a claim of purpose or intended use constitutes a limitation for purposes of patentability. See generally *Kropa v. Robie*, 187 F.2d 150, 155–59, 88 USPQ 478, 483–87 (CCPA 1951) and the authority cited therein, and cases compiled in 2 Chisum, Patents § 8.06[1][d] (1987). Such statements often, although not necessarily, appear in the claim's preamble, as in Stencel's claims.

■ Whether a preamble of intended purpose constitutes a limitation to the claims is, as has long been established, a matter to be determined on the facts of each case in view of the claimed invention as a whole. *In re Duva*, 387 F.2d 402, 407, 156 USPQ 90, 94 (CCPA 1967); *In re Walles*, 366 F.2d 786, 790, 151 USPQ 185, 190 (CCPA 1966). The test in determining whether a claimed invention would have been obvious is what the combined teachings of the references would have suggested to one of ordinary skill in the art. *In re*

*Keller,* 642 F.2d 413, 425, 208 USPQ 871, 881 (CCPA 1981).

 The cited references would not have taught or suggested the structure of the claimed driver in the absence of prior knowledge of Stencel's fastener system. Stencel's system is not prior art against the claims of his own patent application. Nor is obviousness established by combining the teachings of the prior art to produce the claimed invention, absent some teaching or suggestion that the combination be made. *Interconnect Planning Corp. v. Feil,* 774 F.2d 1132, 1143, 227 USPQ 543, 551 (Fed.Cir.1985); *In re Corkill,* 771 F.2d 1496, 1501–02, 226 USPQ 1005, 1009–10 (Fed.Cir.1985).

 Stencel is not inhibited from claiming his driver, limited by the statement of its purpose, and further defined by the remaining clauses of the claims at issue, when there is no suggestion in the prior art of a driver having the claimed structure and purpose. *See In re Deminski,* 796 F.2d 436, 442, 230 USPQ 313, 315 (Fed.Cir. 1986).

We conclude that it would not have been obvious to put the Grabovac flats in the Reiland driver unless one had in mind the purpose taught by appellant. This purpose, set forth in the claims themselves, "is more than a mere statement of purpose; and that language is essential to particularly point out the invention defined by the claims." *In re Bulloch,* 604 F.2d 1362, 1365, 203 USPQ 171, 174 (CCPA 1979). *See also Perkin-Elmer Corp. v. Computervision Corp.,* 732 F.2d 888, 896, 221 USPQ 669, 675 (Fed.Cir.), *cert. denied,* 469 U.S. 857, 105 S.Ct. 187, 83 L.Ed.2d 120 (1984) (the limitations appearing in the preamble are necessary to give meaning to the claim and properly define the invention).

REVERSED.