73 F.3d 381
 37 U.S.P.Q.2d 1733
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jay S. DERMAN, Plaintiff-Appellant,
v.
PC GUARDIAN, Defendant-Appellee.
 No. 95-1263.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Feb. 8, 1996.
 
 Before ARCHER, Chief Judge, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Jay S. Derman ("Appellant") appeals the decision of the United States District Court for the Central District of California, No. CV 94-2290 R, granting PC Guardian's ("Appellee") motion for summary judgment of noninfringement of his U.S. Patent No. 4,640,106 ("the '106 patent"). Because the district court correctly held that the language "said chamber" and "said chamber opening" in claim 3 of the '106 patent was limited to a cassette tape chamber, as stated in the preamble, and thus could not read on Appellee's computer device, we affirm.
 
 DISCUSSION
 
 2
 The preamble of a claim does not limit the scope of a claim when it simply states a purpose or intended use of the invention. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 868, 228 USPQ 90, 94 (Fed.Cir.1985). However, if it says more, it may limit the scope of the claim because the determination as to whether a preamble imposes a limitation is determined on a case by case basis. In re Stencel, 828 F.2d 751, 754, 4 USPQ2d 1071, 1073 (Fed.Cir.1987). "[A] claim preamble has the import that the claim as a whole suggests for it. In other words, when the claim drafter chooses to use both the preamble and the body to define the subject matter of the claimed invention, the invention so defined, and not some other, is the one the patent protects." Bell Communications Research, Inc. v. Vitalink Communications Corp., 55 F.3d 615, 620, 34 USPQ2d 1816, 1820 (Fed.Cir.1995).
 
 
 3
 In Bell, this court found that the preamble phrase "said packet including source address and destination address" was incorporated into the body of the claim where the claim stated "said packet." The situation in Bell is analogous to that of this case, where the phrase "cassette tape chamber" in the preamble is referenced five times in the body of the claim as "said chamber" or "said chamber opening." The body of claim 3 of the '106 patent requires a body member "adapted to be inserted through said chamber opening" and a lock element which will "prevent withdrawal of said body member from said chamber by engagement of the lock element with internal edge portions of said chamber opening." (col. 4, ll. 21-43). The chamber opening defined in the preamble as that of a cassette tape chamber provides the necessary definition for a structural limitation that defines the way in which the claimed device operates.
 
 
 4
 Appellant argues that where a reference to the preamble in the claim body is to a term indicating a reference point for claimed structure, then the preamble does not become a claim limitation, citing Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870, 20 USPQ2d 1045 (Fed.Cir.1991). Vaupel held that language in the preamble of method claims for weaving that included the terms "breast beam" and "breast plate" was not a limitation, but only "indicate[d] a reference point to fix the direction of movement." Id. at 880, 20 UPSQ2d at 1053. Appellant argues an asserted analogy: that the term "cassette tape chamber" is only such a reference point (i.e., one for defining a dimensional relationship between the claimed device and where it might be used). In Vaupel, the court held that the terms in the preamble were not limiting after "reviewing the claims, the specification and drawings, the prosecution history, and the expert testimony." Id. The terms were held only to fix a direction of movement. That is not the case here. Rather, here the claims, specification, prosecution history, and expert testimony all indicate that this invention is designed expressly for use only in a cassette tape deck. The "cassette tape chamber" language is not merely a reference point, but actually defines the structure of the device in terms of size, shape and use.
 
 
 5
 Given the fact that the body of the asserted claim refers to "said chamber" and "said chamber opening," it is clear that the phrase "chamber" can take on no other meaning than that explicitly stated in the preamble as in the specification (i.e., the chamber in the claim is that found in a cassette tape deck), and therefore, the claim cannot possibly cover the accused computer disk drive locking device which, indisputably, is not able to work in a cassette tape deck. Appellant's argument, otherwise, is an illogical, naked assertion that is nearly frivolous.