NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent, for the court has misunderstood the law of “anticipation” and has misapplied the rules of claim construction. The law of “anticipation” requires that the same invention was previously known and described in the prior art. The law of “claim construction” requires that the claims are construed in light of the specification and the prosecution history. When the prior art does not show the same invention, correctly construed claims are not deemed “anticipated.” It is incorrect to construe a claim so as to delete limitations stated in the claim' — including the “preamble” clause — and then to hold the claim “anticipated” by subject matter that is excluded by the limitations stated in the preamble clause.
Nonetheless, my colleagues on this panel delete material limitations in the claim because they appear in the preamble of the claim, and then find the claim anticipated, although the claim is not anticipated when the deleted limitations are considered. These deleted limitations distinguish the invention that is described and claimed in the patent in suit. It is incorrect to construe the claims contrary to the deleted limitations so as to broaden the claims into invalidity.
DISCUSSION
Claim 1, the broadest claim of U.S. Patent No. 5,154,448, in suit, is as follows:
1. A scratch-off label for permitting a user to write thereon without the use of a marking implement, comprising:
a permanent base having a colored near side which is normally visible to the user and having a far side; and
a coating of scratch-off non-transparent material having a color which contrasts with the color of the near side of the permanent base, which coating is applied directly onto the near side of the permanent base with sufficient thickness so as to obscure the color of the permanent base, and which when scratched off reveals the color of the near side of the permanent base.
Precedent establishes that the preamble limits the claims when it distinguishes the use of the claimed article from the prior art, see Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1323-24 (Fed.Cir. 2009), as well as when it contains language that is essential to the description of the invention, see In re Bulloch, 604 F.2d 1362, 1365 (CCPA 1979) (“The introductory claim language ‘stable color developer concentrate’ is more than a mere statement of purpose; and that language is essential to particularly point out the invention defined by the claims.”). The preamble limits the claimed invention if it is “necessary to give life, meaning, and vitality to the claim.” Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1305 (Fed.Cir.1999); see also Catalina Mktg. Int’l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 808 (Fed. Cir.2002) (same). Our predecessor court articulated the “life, meaning, and vitality” standard in Kropa v. Robie, 38 C.C.P.A. 858, 187 F.2d 150, 152 (1951), borrowing this congenial phrase from the Seventh Circuit’s decision in Schram Glass Manufacturing Co. v. Homer Brooke Glass Co., 249 F. 228, 232-33 (7th Cir.1918). This *1297 basic rule of claim construction has never been erased, and its utility in various situations has reinforced its vitality.
Generally stated, “terms appearing in a preamble may be deemed limitations of a claim when they give meaning to the claim and properly define the invention.” In re Paulsen, 30 F.3d 1475, 1479 (Fed.Cir. 1994); see also, e.g., Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 866 (Fed.Cir.1985) (“Although it appears in the preamble of the '012 patent claims, the term ‘anaerobic’ breathes life and meaning into the claims and, hence, is a necessary limitation to them.”). The effect of the preamble thus varies with the way the particular invention is claimed. See Pitney Bowes, 182 F.3d at 1305 (“[A] claim preamble has the import that the claim as a whole suggests for it.”). In Applied Materials, Inc. v. Advanced Semiconductor Materials America, Inc. the court observed:
Whether a preamble stating the purpose and context of the invention constitutes a limitation of the claimed process is determined on the facts of each case in light of the overall form of the claim, and the invention as described in the specification and illuminated in the prosecution history.
98 F.3d 1563, 1572-73 (Fed.Cir.1996); see also, e.g., Bicon, Inc. v. Straumann Co., 441 F.3d 945, 952 (Fed.Cir.2006) (“[Wjhether to treat a preamble as a claim limitation is determined on the facts of each case in light of the claim as a whole and the invention described in the patent.”); Corning Glass Works v. Sumitomo Elec. U.S.A., Inc., 868 F.2d 1251, 1257 (Fed.Cir.1989) (“The effect preamble language should be given can be resolved only on review of the entirety of the patent to gain an understanding of what the inventors actually invented and intended to encompass by the claim.”); In re Stencel, 828 F.2d 751, 754 (Fed.Cir.1987) (“Whether a preamble of intended purpose constitutes a limitation to the claims is, as has long been established, a matter to be determined on the facts of each case in view of the claimed invention as a whole.”).
This vast body of precedent is directly contravened by today’s ruling, where the panel majority discards the preamble and thereby removes limitations to the claim, and then holds the changed claim invalid. The proper analysis requires construing the claims in accordance with the rules of claim construction, that is, in light of the specification and the prosecution history. See Phillips v. AWH Corp., 415 F.3d 1303, 1312-24 (Fed.Cir.2005) (en banc). When this inquiry reveals that “the claim drafter chooses to use both the preamble and the body to define the subject matter of the claimed invention, the invention so defined, and not some other, is the one the patent protects.” Bell Commc’ns Research, Inc. v. Vitalink Commc’ns Corp., 55 F.3d 615, 620 (Fed.Cir.1995). The law of anticipation is then applied to “the invention so defined.” Id.
The '448 patent specification and prosecution history make clear that the Griffins’ claimed invention is not “scratch-off’ technology generally, for other uses of “scratch-off’ layers were known; their invention is a scratch-off label on which a user can inscribe information by scratching the surface without the need for a marking implement. The “for permitting” phrase in the preamble is the portion of the claim that makes this aspect clear. Construing the claim without reference to this important narrowing distinction would encompass admitted prior art that was considered, and distinguished, during examination.
*1298 The '448 patent specification discusses and distinguishes earlier applications of scratch-off technology, wherein the scratch-off layer is removed to reveal information already written on the base layer. For example, U.S. Patent No. 4,846,-504 to MacGregor, which discloses scratch-off coupons and lottery cards, is distinguished by the Griffins as follows:
In construction, the “scratch-off lottery type game piece” [of MacGregor] is somewhat similar to the Scratch-Off Marking Label. However, the prior art was invented to provide manufacturers with the option of providing promotional game pieces and “cents off’ coupons on products. The object of scratching the label of the “scratch-off lottery type game piece” in the prior art is to expose a hidden cents-off coupon, a winning game piece, or some other information. These promotional labels were not invented to solve the same problem that the proposed invention for a Scratch-off Marking Label seeks to solve.
'448 patent, col. 1 11. 22-33. Similarly, U.S. Patent No. 4,872,707 to deBruin, cited during examination, describes a lottery ticket in which a “pigmented layer” can be scratched off to reveal a “printed layer.” '707 patent, col. 6 11. 37-40. The Griffins explained that the purpose of their invention, and their manner of achieving that purpose, are quite different:
to provide a container label which allows a simplified method (you only need your fingernail) for recording information and identification on the container, thus obviating the need for a writing implement.
'448 patent, col. 1 11. 59-62.
The '448 patent specification recognizes that the differences from prior structures are “slight,” stating that the Griffins’ label “differs slightly from an ordinary scratch-off lottery type game piece,” because “[r]ather than to scratch off the scratch-off coating in a broad area, one forms letters, numbers or figures by scratching through the coating 60 to make easily visible lines 30. The user can then form a name, date or some other kind of pertinent information on the label as desired.” '448 patent, col. 3 11. 46-52. These stated differences from the prior art require consideration during claim construction, yet are ignored by my colleagues. The panel majority opinion illustrates its incorrect construction in its table, Maj. Op. at 1295, wherein the opinion compares the '448 patent’s claim 1 after excision of the preamble clause, with the Malinovitz “parking card.” Malinovitz adds nothing to the MacGregor and deBruin “lottery card” references that were cited during examination. These references were distinguished by the Griffins, on the ground of the limitations that are now stated in the preamble. The panel majority’s comparison of parts of the claim with parts of references cannot provide “anticipation” of the entire claimed invention.[1]
Departing from precedent, the panel majority does not “review the entirety of the patent to gain an understanding of what the inventors actually invented and intended to encompass by the claim,” Corning Glass Works, 868 F.2d at 1257, and instead engrafts a meaning on the claim that the inventors did not present and the Patent Office did not examine. The majority’s excision of the very portion of the claim that distinguishes the invention from the prior art, only to invalidate the claim on the basis of that prior art, is contrary to law. See Vita-Mix, 581 F.3d *1299 at 1323-24 (language in preamble is limiting where it is necessary to effectuate the patent’s distinction between the invention and the prior art); MBO Labs., Inc. v. Becton, Dickinson & Co., 474 F.3d 1323, 1329-30 (Fed.Cir.2007) (same); In re Cruciferous Sprout Litig., 301 F.3d 1343, 1347-48 (Fed.Cir.2002) (same).
The panel majority acknowledges its deletion of the limitations in the preamble, protesting that the preamble “merely states the purpose or intended use” of the invention, citing Bicon, 441 F.3d at 952. However, the preamble in this case is more than a mere statement of purpose or use, for the specification’s description of the invention and discussion of the prior art require the features set forth in the preamble, and the prosecution record confirms the reliance on those features for patentability. The residue of claim 1, without the limitations in the preamble, does not “define a structurally complete invention.” Rowe v. Dror, 112 F.3d 473, 478 (Fed.Cir.1997). The invention claimed in the '448 patent is not completely described without the limitations in the preamble.
The Bicon case, on which the panel majority primarily relies, states that “it is not unusual for this court to treat preamble language as limiting” when the facts warrant. 441 F.3d at 952. In Bicon the court held that a “for use” preamble phrase in a claim directed to a dental implant recited essential information and thus served to limit the claim — directly contrary to the rule the panel majority seeks to extract from the case. Bicon and extensive other authority belie the majority’s suggestion that preamble language is only “rarely” treated as limiting. Maj. Op. at 1294. Many decisions demonstrate that purposive language in a preamble is limiting when it serves to give “life, vitality and meaning” to the claimed invention. See, e.g., General Elec. Co. v. Nintendo Co., 179 F.3d 1350, 1361-62 (Fed.Cir.1999) (the preamble phrase “raster scan display device” limited a method for displaying computer generated information on a screen, because “[i]n light of the specification, to read the claim indiscriminately to cover all types of display systems would be divorced from reality”); Corning Glass Works, 868 F.2d at 1257 (the preamble phrase “an optical waveguide” limited claims directed to optical fibers, because “[t]he invention is restricted to those fibers that work as waveguides as defined in the specification, which is not true with respect to fibers constructed with the limitations of the [body of the claim] only”); Diversitech Corp. v. Century Steps, Inc., 850 F.2d 675, 678 (Fed.Cir.1988) (the phrase “a base for the support of equipment” was essential in giving meaning to the invention and therefore was limiting, and precluded a finding of anticipation); Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 896 (Fed.Cir.1984) (“The system of claim 1 is one of unity magnification and is image forming. Those limitations appear in the preamble, but are necessary to give meaning to the claim and properly define the invention.”); Stencel, 828 F.2d at 755 (“Stencel is not inhibited from claiming his driver, limited by the statement of purpose, and further defined by the remaining clauses at issue, when there is no suggestion in the prior art of a driver having the claimed structure and purpose.”). The “for use” preamble phrase in Bicon, and analogous preamble language in General Electric, Corning Glass Works, Diversitech, Perkin-Elmer, Stencel, and countless other cases, have been recognized as providing essential limitations to the claim. The panel majority strays far from prece *1300 dent, in holding that the Griffins’ preamble must be ignored because it states a “use,” and then invalidating the claim as anticipated when freed of the limitations in the preamble.
When a claim is written so that the preamble merely introduces the general subject matter, but does not state limitations of the specific invention, this debate does not arise. However, this general claim drafting style does not produce a “presumption” that preamble language is irrelevant to claim scope. Maj. Op. at 1294-95. The cases cited by the panel majority for this proposition do not so state. See id. at 1294-95 (citing Intirtool, Ltd. v. Texar Corp., 369 F.3d 1289, 1296 (Fed.Cir. 2004); Catalina, 289 F.3d at 810; and Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A., 944 F.2d 870, 880 (Fed. Cir.1991)). These cases offer no “presumption,” and do not disturb the authority that recognizes preamble language as relevant when it serves to define and limit the claims. To the contrary, each of these cases confirms this standard, for in each case this court considered the entirety of the claim and reached a claim construction consistent with the scope of the invention set forth in the specification. See Intirtool, 369 F.3d at 1296 (holding that district court had viewed preamble language too narrowly in light of the invention that was described in the specification); Catalina, 289 F.3d at 810 (holding that “the claims, specification, and prosecution history of the '041 patent demonstrate that the preamble phrase ‘located at predesignated sites such as consumer stores’ is not a limitation of Claim 1,” for “the applicant did not rely on this phrase to define its invention nor is the phrase essential to understand limitations or terms in the claim body”); Vaupel, 944 F.2d at 880 (holding that certain preamble language, while limiting, did not provide narrow structural limitations argued for by an accused infringer). This trio of cases does not support my colleagues’ new presumptive rule that the preamble and its distinguishing limitations should be ignored. These cases do not contradict the basic apothegm that where the preamble “breathes life, meaning, and vitality” into the claim, its limitations cannot be ignored.
The specification of the '448 patent and its prosecution history point unwaveringly to the role of the preamble as defining and limiting the Griffins’ invention. My colleagues misconstrue the prosecution record, for they state that “the Griffins expressly attested that the ‘writing means’ language was not a claim limitation.” Maj. Op. at 1294. The record shows that the Griffins argued that no specific “writing means” is required, and that they therefore resisted specifying any particular writing instrument; but they did not thereby remove the purpose of providing a scratch-off label that accepts writing without a particular marking instrument, and without preprinted information underneath. The specification stresses that the goal of the invention is to provide a label that can be written on by scratching the surface' — as the Griffins explained to the examiner, the label can be marked by a fingernail, coin, or whatever else is handy, and the claim states that no specific “marking implement” is required. The claim was allowed with this phrase in the last claim clause, and no objection was made by the examiner when the Griffins moved this phrase to the front of the claim. Neither the Griffins nor the examiner suggested that this movement eliminated this fundamental aspect of the invention. Whatever the intent of the Griffins, prosecuting their patent application pro se, there is no support whatsoever for the *1301 panel majority’s conclusion that they “expressly attested” that they were deleting the heart of their invention from their claims after allowance.
The court’s holding today distorts longstanding rules of claim interpretation, by requiring that distinctions between the invention and the prior art must be ignored when they are presented in the introductory clause of the claim. The majority’s claim construction, and the ruling of anticipation based on elimination of the limitations in the preamble of the '448 patent claims, are contrary to law and precedent. I respectfully dissent.

. The only validity issue before us is "anticipation.”